UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROLLIE L. BAKER, JR.,

    Petitioner,

v.                                        Case No. 8:23-cv-1564-WFJ-AEP

STATE OF FLORIDA,

    Respondent.
_____/

## ORDER

Rollie L. Baker, Jr. initiated this action by filing a document titled "Petition for a Writ of Certiorari." (Doc. 1). He contends that the State of Florida has violated his constitutional rights by allowing him to "remain convicted of a sexual crime against a child when the alleged child was an adult." (*Id.* at 1). As relief, he seeks "dismissal of the charges," "removal of the sexual predator designation," and "expunge[ment] of all records pertaining to this case." (*Id.* at 2). The Court liberally construes Mr. Baker's filing as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Upon review, the petition is dismissed as an unauthorized second or successive petition.

Mr. Baker challenges his state-court convictions for "sexual activities on a person under the age of 18." (*Id.*) He previously challenged the same convictions under § 2254. *Baker v. Sec'y, Dep't of Corr.*, No. 8:08-cv-245-JDW-TBM, Doc. 1 (M.D. Fla.). This Court denied the earlier petition on the merits, and Mr. Baker did not appeal. *Id.*, Doc. 16. Because Mr. Baker has already filed a federal habeas petition challenging the same state-

court convictions, the present petition is second or successive. *See Magwood v. Patterson*, 561 U.S. 320, 338-39 (2010) (stating that a § 2254 petition attacking the same state-court judgment that was challenged in an earlier § 2254 petition is successive). Thus, the Court lacks jurisdiction to consider Mr. Baker's petition until he obtains permission from the Eleventh Circuit to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Mr. Baker does not allege that he has applied to the Eleventh Circuit for an order authorizing the Court to consider his petition. And because the Court lacks jurisdiction to consider the petition, it cannot issue a certificate of appealability. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (stating that the district court could not issue a certificate of appealability when it lacked jurisdiction over a successive § 2254 petition).

Accordingly, Mr. Baker's construed petition for writ of habeas corpus, (Doc. 1), is **DISMISSED without prejudice** for lack of jurisdiction as an unauthorized second or successive petition. The **CLERK** is directed to **CLOSE** this case and to send Mr. Baker a copy of the Eleventh Circuit's form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

**DONE** and **ORDERED** in Tampa, Florida, on July 17, 2023.

- 3 -

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE